

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00218-CR
_____

DYRON DONTAVIOUS THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 440th District Court
Coryell County, Texas
Trial Court No. 17-24064, Honorable Grant Kinsey, Presiding

January 5, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Dyron Dontavious Thompson, appellant, appealed his conviction for possession of a controlled substance, methamphetamine and contended (via one issue) his conviction lacked sufficient evidentiary support. We affirm.[1]

_____

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

*Background*

The following was obtained from the trial of the cause.  According to a Copperas Cove police officer, the latter performed a traffic stop on appellant after appellant left a residence known for drug trafficking.  The officer observed appellant fail to signal a turn, initiated the stop, knew appellant by his vehicle and from previous contact, and knew appellant was the subject of outstanding warrants.  Rather than stop, appellant "rolled very slowly for a block."  Driving slowly and having just left a known drug house indicated, to the officer, that appellant may either be attempting to hide or eat narcotics or acquire or hide a weapon.

Eventually, appellant stopped, at which point the officer saw two people in the car.  One was appellant, who drove.  The other was a female sitting in the front passenger seat.  The officer arrested appellant based on the active arrest warrants and decided to impound the vehicle.  Appellant became upset about the vehicle being impounded but, nevertheless, consented to its search.  Once the passenger was removed, a search ensued.  It revealed a bag containing methamphetamine "in the driver's seat where the back of the seat meets the part of the cushion that you sit on."  Appellant did not act surprised or confused upon the officer's discovery of the drug.  Nor did he deny that it was his.

The vehicle belonged to someone other than appellant. Its owner testified that appellant borrowed the car from time to time since they had two children together.  She also denied that she used drugs or that the drugs belonged to her.

Drugs were not found on the passenger or by the front passenger seat.  The passenger also testified that the drugs were not hers, did not know from where they came,

2

and did not see appellant buy the drugs at the aforementioned drug house. Nevertheless, she conceded that she and appellant had planned to smoke methamphetamine at a motel and "hang out."

*Issue – Possession*

Appellant contends that the evidence showing possession is "so tenuous that this Court must reverse the conviction."[2] We overrule the issue.

To establish that appellant possessed the narcotic, the State had to show he 1) exercised "actual care, custody, control, or management" of the substance, and 2) knew the matter possessed was contraband. TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2020); *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005). Here, the alleged infraction occurred in a vehicle occupied by two people. In that circumstance, various non-exclusive factors become relevant to the question of whether appellant, as opposed to another occupant, possessed the contraband. *Poindexter,* 153 S.W.3d at 406. They include: 1) the defendant's presence when a search was conducted; 2) whether the contraband was in plain view; 3) the defendant's proximity to and accessibility of the contraband; 4) whether the defendant was under the influence of contraband when arrested; 5) whether the defendant possessed other contraband or narcotics when arrested; 6) whether the defendant made any incriminating statements when arrested; 7) whether the defendant attempted to flee; 8) whether the defendant made any furtive gestures; 9) whether there was an odor of contraband present; 10) whether other contraband or drug paraphernalia was present; 11) whether the defendant owned or had

---

[2] One is guilty of possession of a controlled substance when they knowingly or intentionally possess a control substance, i.e., methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017).

3

the right to possess the place where the drugs were found; 12) whether the place where the drugs were found was enclosed; 13) whether the defendant was found with a large amount of cash; and 14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *see Triplett v. State,* 292 S.W.3d 205, 208–09 (Tex. App.—Amarillo 2009, pet. ref'd); *see also Harrell v. State*, No. 10-16-00342-CR, 2019 Tex. App. LEXIS 4629, at *9–10 (Tex. App.—Waco June 5, 2019, no pet.) (mem. op., not designated for publication) (citing *Evans, supra*).

To reiterate, the record contained evidence that: 1) appellant drove the vehicle with permission of its owner; 2) the drugs were found in the very seat on which he sat and were seen when the officer pushed on the seat; 3) he had just left a known drug house; 4) he failed to immediately stop when the officer attempted to halt him; 5) he engaged in conduct which the officer interpreted (based on his experience) as effort to hide or destroy drugs or hide or obtain a weapon; 6) the drugs appeared to have been recently placed in the location where it was found, according to the officer; 7) appellant did not act surprised when it was found; 8) appellant did not deny the contraband was his; 9) the passenger had no drugs on her person and denied those in the car were hers; 10) she and appellant had intended to consume, at a local motel, the very type of drugs found in appellant's seat; 11) she lacked opportunity to hide the drugs in the driver's seat since another officer was in her presence once appellant was arrested, and 12) though a third party owned the vehicle that individual denied ownership of the drugs. In viewing this evidence in a light most favorable to the jury verdict, we conclude that it was enough for a rational fact-finder to reasonably infer, beyond reasonable doubt, that appellant knowingly possessed the methamphetamine found in his car seat. *Metcalf v. State*, 597 S.W.3d 847, 855–56 (Tex.

4

Crim. App. 2020) (describing the pertinent standard of review, which standard included the obligation to review the evidence in a light most favorable to the verdict and stating that juries may draw reasonable inferences from the evidence if each inference is supported by the evidence).  We overrule appellant's sole issue.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.